IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BORGMAN, et al., <br><br>　　　Plaintiffs, <br><br>　v. <br><br>INSPHERE INSURANCE SOLUTIONS, INC., et al., <br><br>　　　Defendants. | No. C 11-05638 CRB <br><br>**ORDER CLARIFYING MAY 2012 ORDER, QUASHING WRIT OF EXECUTION, AND DECLINING TO ENJOIN STATE COURT ACTION** |

　　　Plaintiffs move for clarification of this Court's May 2012 Order regarding attorneys' fees and move to quash a Writ of Execution that misread that Order. See Plaintiff Motion (dkt. 44). Defendants' file a related motion to enjoin further prosecution of a pending state court action that involves the same underlying litigation. See Defendant Motion (dkt. 47). The Court finds this matter suitable for resolution without oral argument under Civil Local Rule 7–1(b), GRANTS Plaintiffs' motion, and DENIES Defendants' motion.

### I.　Plaintiffs' Motion for Clarification and to Quash Writ of Execution

　　　Plaintiffs argue that the Court gave them a choice at a March 2012 hearing on this matter: either (1) continue litigating a motion for reconsideration of a dismissal for failure to prosecute and pay Defendants' attorneys' fees, or (2) accept dismissal of the case and avoid paying the fees. See Hearing Tr. 6:19–25 ("[A] 60(b) motion will be conditional . . . . [U]ltimately, you'll have the option. If you think it's unreasonable, that's up to you. You

don't have to pay it. I'm not ordering you to pay it."). A May 2012 Order memorialized the Court's oral ruling at the March hearing. See May 2012 Order (dkt. 32).

To the extent any ambiguity exists in the May 2012 Order regarding whether Plaintiffs were required to pay Defendants' attorneys' fees after accepting dismissal of the case, the Court GRANTS the motion to clarify under Rule 60—Plaintiffs are NOT required to pay Defendants' attorneys' fees given that they have accepted dismissal of the case. See Fed. R. Civ. P. 60. The Writ of Execution misread the Court's May 2012 Order, and the Court GRANTS under Rule 60 the motion to quash that writ as a clerical error. See Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297 (9th Cir. 2014) (citing Fed. R. Civ. P. 60).

## II.  Defendants' Motion to Enjoin State Court Litigation

Defendants file a related motion to enjoin further prosecution of a pending state court action involving the same subject matter as the case that this Court dismissed in 2012 for failure to prosecute. See Defendants' Motion. Defendants argued in state court that this Court's dismissal had res judicata effect in that forum—the state court disagreed. See State Court Ruling (dkt. 52-3). Rather than appealing that decision through the state court system, Defendants return to this Court and request an injunction against further prosecution of the state court case under the relitigation exception to the Anti-Injunction Act. See Defendants' Motion. The Court DENIES the motion for an injunction for the following reasons.

"The Anti-Injunction Act, 28 U.S.C. § 2283, provides only three exceptions to the general rule that courts of the United States shall not enjoin proceedings in state courts. A federal court may enjoin state proceedings only as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See Merle Norman Cosmetics, Inc. v. Victa, 936 F.2d 466, 468 (9th Cir. 1991). Assuming without deciding that "the claims or issues" involved in the state court litigation "actually have been decided by [this] federal court," the decision to issue an injunction is still "committed to the discretion of the district court." See id. "In considering whether to exercise their power to enjoin state court proceedings under the relitigation exception of the

2

Anti-Injunction Act, district courts must be guided by general principles of equity, comity, and federalism." Id.

Applying these principles, the Court declines to enjoin the state court here "because nothing prevented [Defendants] from raising [their] defenses of res judicata and collateral estoppel in the California courts," and state "courts are just as capable as federal courts in applying applicable law. Doubts about the propriety of an injunction should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Id.  The Court thus DENIES Defendants' motion for an injunction.

**IT IS SO ORDERED.**

Dated: June 22, 2016

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE